IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01170–MSK–KMT

TERRY BLEVINS,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
DONNA WEBSTER,
LT. MARTINEZ,
JOHN DOE #1, and
JOHN DOW #2,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the Order to Show Cause (Doc. No. 47). On July 9, 2009, Plaintiff filed the Second Amended Prisoner Complaint (Doc. No. 12) asserting claims against, *inter alia*, Defendant Lt. Martinez. On July 27, 2009, Judge Marcia S. Krieger issued an Order Granting Service by the United States Marshals Service. (Doc. No. 20.) On July 29, 2009, the Colorado Department of Corrections returned service to the court unexecuted as to Defendant Lt. Martinez, stating Defendant Lt. Martinez could not be identified from the insufficient information provided in the Complaint. (Doc. No. 21.)

    Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court
> — on motion or on its own notice to the plaintiff — must dismiss the action

> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is now well beyond 120 days since the Second Amended Complaint was filed in this matter and Defendant Lt. Martinez has yet to be served. On February 8, 2010, this court ordered Plaintiff to show cause in writing, on or before March 1, 2010, why the claims against Defendant Martinez should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) for lack of service. Plaintiff did not file a response, but instead filed a "Motion for Rule 15(c) Change of Heading" in which Plaintiff stated he had mistakenly named Lt. Martinez as a defendant. (Doc. No. 49.) This court denied the motion for Plaintiff's failure to comply with local rule 7.1A.

On March 25, 2010, Plaintiff appeared before this court for a motions hearing. The court inquired about Plaintiff's failure to respond to the Order to Show Cause and informed Plaintiff if he wishes to amend his complaint to name a new defendant in place of Defendant Martinez he will need to file a motion to amend the complaint and attached a proposed amended complaint. The court also advised it would be issuing this Recommendation that the claims against Defendant Martinez be dismissed without prejudice. Plaintiff voiced his understanding.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve. Here, Plaintiff has failed to provide good cause for his failure to timely serve Defendant Martinez and, in fact, has conceded Defendant Martinez was mistakenly named as a defendant.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the claims against Defendant Martinez be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of March, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge