IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01170-MSK-KMT

TERRY BLEVINS,

       Plaintiff,

v.

ARISTEDES W. ZAVARAS,
DONNA WEBSTER,

       Defendants.

---

## OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss **(# 28)**, the Plaintiff's response **(# 34)**, and the Defendants' reply **(# 37)**; and the Plaintiff's Motion for Summary Judgment **(# 29)**, and the Defendants' response **(# 30)**.

## FACTS

According to the *pro se* Second Amended Complaint **(# 12)**, Mr. Blevins was convicted of the crime of "consensual sex with a minor" in California in or about 1995.  In or about 2003, Mr. Blevins was convicted of crimes in Colorado and incarcerated within the Colorado Department of Corrections ("CDOC").  Mr. Blevins was assigned to the Buena Vista Correctional Facility ("BVCF"), where he was advised that he had been given an "S-4" classification as a sex offender.  Mr. Blevins contends that this classification was made without affording him a hearing, thus depriving him of Due Process, as he was unable to earn certain good-time credits against his sentence.  He also contends that, as a matter of law, his California conviction does not give rise to a sex offender classification under Colorado law.

He also contends that he has been subjected to "false imprisonment and extreme loss of liberty" as a result of being housed at facilities that do not offer a Sex Offender Therapy Program ("SOTP"), participation in which is required in order for an inmate to earn an extra four days of good-time credit per month. He also contends that "because of his label as an S-4, [he] was not allowed to order certain magazines, or to possesses these magazines or pictures, thus violating [his] free speech rights." He contends that the deprivation of access to these materials has "no penological interest or any justification." Finally, he alleges that on two occasions, he attempted to file grievances regarding these issues, but the Defendants refused to process the grievances.

The Defendants move to dismiss **(# 28)** the Second Amended Complaint, arguing, among other things: (I) claims relating to Mr. Blevins' classification as a sex offender are untimely, having accrued no later than 2003; and (ii) any claim premised on "false imprisonment" as a result of being housed at a facility that does not offer SOTP fails to state a claim because he does not identify any constitutional right to be housed at a facility that offers SOTP.

Separately, Mr. Blevins moves for summary judgment **(# 29)**, which the Court construes as a motion for entry of default judgment, in that Mr. Blevins contends that the Defendants' motion was filed after the deadline for responding to the Second Amended Complaint had run.

## ANALYSIS

### A. Standard of review

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Construing Mr. Blevins' Second Amended Complaint liberally, the Court discerns four primary claims: (I) a claim that he was classified as a Sex Offender without a hearing, thus depriving him of Due Process rights; (ii) a claim that he is not being provided access to SOTP at his current facility, again depriving him of Due Process rights; (iii) a claim that he was deprived of a First Amendment right to petition for redress of grievances by the refusal of CDOC to process his grievances; and (iv) a claim that restrictions on his ability to access certain reading materials violates his First Amendment rights without a valid penological interest.

### B. Statute of limitations

Claims asserted under 42 U.S.C. § 1983, such as those asserted by Mr. Blevins here, are subject to a two-year statute of limitations in Colorado. *Thorpe v. Ancell*, 367 Fed.Appx. 914, 920 (10th Cir. 2010) (unpublished). The cause of action accrues on the date when the plaintiff is or should be aware of facts that would give rise to a cause of action. *Id.*

Here, Mr. Blevins contends that he was deprived of Due Process when he was classified as a sex offender without being given a hearing. The Second Amended Complaint contends that he was advised of that classification in 2003, and he certainly knew by that date that he had not been given a hearing regarding his classification. Thus, Mr. Blevin's Due Process claim accrued

in 2003 and became untimely not later than 2005. This action was not commenced until 2009. Thus, his Due Process claim regarding his classification as a sex offender is barred by the statute of limitations.

### C. Availability of SOTP program

Mr. Blevins asserts a constitutional claim that he is entitled to be housed at a facility that provides an SOTP program. The Defendants argue that no constitutional right exists to require that an inmate be given access to a particular rehabilitative program. Although this statement is correct in the abstract, the state can create a liberty or property interest in access to a rehabilitative program when state law <u>requires</u> that an inmate have access to such a program. *Beebe v. Heil*, 333 F.Supp.2d 1011, 1015-16 (D. Colo. 2004). In *Beebe,* the court found that Colorado's Sex Offender Lifetime Supervision Act created such a requirement, directing that all prisoners classified as sex offenders participate in treatment programs. *Id.* at 1016, citing C.R.S. § 18-1.3-1004.3. Thus, the court concluded that a prisoner who had allegedly been terminated from a SOTP without Due Process stated a constitutional claim. On the other hand, courts have found that the predecessor statute to Colorado's Sex offender Lifetime Supervision Act, the Colorado Sex Offenders Act of 1968, does not contain language <u>requiring</u> participation in sex offender treatment, and thus, an inmate sentenced under that statute has no constitutional right to access a SOTP. *Helm v. Colo.*, 244 Fed.Appx. 856, 858-859 & n. 2 (10th Cir. 2007) (unpublished).

The Second Amended Complaint does not allege under which statutory scheme Mr. Blevins was convicted and sentenced, and the parties' briefing does not shed light on that

question.[1]  Without such information, the Court cannot say that Mr. Blevins' constitutional claim

premised on lack of access to SOTP is untenable.  Accordingly, the Court denies the Defendants'

motion to dismiss with regard to this claim.[2]

### D.  Denial of access to grievance procedure

The Court finds that Mr. Blevins fails to state any constitutional claim with regard to the

fact that his grievances were not answered on two occasions.  Among other things, he

acknowledges that the Defendants named here are not the persons responsible for failing to

answer the grievances, and thus, has not shown that these Defendants personally participated in

the deprivation of his rights.  Moreover, the Court finds that an inmate has no state-created right

to a grievance response under Colorado law.  CDOC's regulations provide that inmate

grievances must be responded to by prison officials within a particular period of time, but also

contemplate that there may be circumstances in which that requirement is not complied with; in

such circumstances, the inmate is permitted to continue the grievance procedure notwithstanding

the lack of a timely response by prison officials.  CDOC Administrative Regulation 850-05, §

IV.I.1.d.   Because the failure of CDOC personnel to respond to Mr. Blevins' grievances did not

deprive him of any rights, including the right to continue pursuing the grievance process, he fails

to state a constitutional claim in this regard.

---

[1]Somewhat surprisingly, the Defendants' brief does not refer to *Beebe* at all, even though its holding appears to be directly on point in this case.

[2]In light of *Beebe* and the 10th Circuit's implicit recognition of *Beebe*'s holding in cases such as *Helm*, the Court finds that the right of an inmate to access sex offender treatment when required by state law is "clearly established," such that the Defendants would not be entitled to qualified immunity for denying him such access.

**E. First Amendment claim**

Mr. Blevins has alleged that he is being deprived access to certain publications because of his sex offender status, and further contends that such a restriction does not advance any penological interest. The Defendants' motion to dismiss does not specifically address this contention, and thus, the Court finds that Mr. Blevins has stated a claim for violation of his First Amendment rights.

**F. Mr. Blevins' motion**

Mr. Blevins effectively moves for a default judgment against the Defendants on the grounds that their motion to dismiss was untimely.

On July 28, 2009, the Defendants executed a Waiver of Service **(# 21)**. In docketing that Waiver, the Clerk of the Court indicated that the Defendants' Answer was due on or before September 28, 2009. Although it is not clear on what authority the Clerk based that calculation, *see* Fed. R. Civ. P. 4(d)(3) (execution of a waiver of service entitles defendant to answer "60 days after the request [for waiver] <u>was sent</u>," not the date it was returned), to the extent that the Defendants were somehow misled by this calculation and mistakenly construed that calculation as being an Order of the Court, the Court finds it unjust to punish them for such reliance. To the extent necessary to ameliorate any confusion caused by the Clerk's docket entry, the Court grants the Defendants an extension of time to answer to September 28, 2009, *nunc pro tunc* to July 28, 2009. Because the Defendants' motion was timely filed according to this deadline, Mr. Blevins' motion is denied.

**CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 28)** is **DENIED IN**

**PART**, insofar as Mr. Blevins states a cognizable claim that the Defendants' failure to house him in a facility that provides an SOTP program deprives him of a liberty interest without Due Process and states a cognizable claim that restrictions upon his ability to receive certain publications violates his First Amendment rights, and **GRANTED IN PART**, insofar as the Second Amended Complaint states no other cognizable claim and those purported claims are dismissed. Mr. Blevins' Motion for Summary Judgment **(# 29)** is **DENIED**.

Dated this 12th day of August, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge